IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL PERAZA,<br>    Plaintiff | : |
| v. | :    CIVIL NO. 3:CV-13-1316 |
| | :    (Judge Conaboy) |
| UNITED STATES OF AMERICA,<br>    Defendant | : |

FILED
SCRANTON
AUG 28 2014
PER_____
DEPUTY CLERK

**MEMORANDUM**
**Background**

    Paul Peraza, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg) filed this *pro se* Federal Tort Claims Act (FTCA) action. Named as Defendant is the United States of America. Service of the Complaint was previously ordered.

    Peraza's action seeks relief with respect to events which occurred during his prior confinement at the Canaan United States Penitentiary, Waymart, Pennsylvania. Plaintiff alleges that on or May 11, 2011 four USP-Canaan correctional officers (Schwartz, Dominick, Moran, and Borning) forced him to fight with his cell mate in order to get a housing reassignment. It is next asserted that Correctional Officer Schwartz verbally abused Plaintiff and identified him as being a child molester as the inmate was being removed from his cell.

    Thereafter, the four officers purportedly allegedly physically and excessively assaulted Peraza after escorting him from his cell to a security camera blind spot. Plaintiff asserts

that this attack included a sexual battery in that one of the officers ran his hand over the inmate's buttocks. As a result of the alleged incident, Plaintiff states that he suffered loss of vison in his left eye for approximately five minutes; dizziness; nausea; a sprained left ankle; and a forehead laceration that caused nerve damage.

Presently pending is Defendant's motion seeking entry of partial summary judgment. See Doc. 22. The opposed motion is ripe for consideration.

## Discussion

Defendant claims entitlement to entry of partial summary judgment on the grounds that "Peraza failed to exhaust administrative tort claims concerning all of the issues stated in his complaint." Doc. 27, p. 1.

## Standard of Review

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient

evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a

3

preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**Exhaustion**

The FTCA provides a remedy in damages for the simple negligence of employees of the United States. See United States v. Muniz, 374 U.S. 150, 150 (1963). Under the FTCA, sovereign immunity is waived against persons suing the federal government for the commission of various torts. See Simon v. United States, 341 F. 3d 193, 200 (3d Cir. 2003).

A plaintiff pursuing an FTCA claim must show: (1) that a duty was owed to him by a defendant; (2) a negligent breach of said duty; and (3) that the negligent breach was the proximate cause of the plaintiff's injury/loss. Mahler v. United States, 196 F. Supp. 362, 364 (W.D. Pa. 1961). The only proper Defendant for purposes of an FTCA claim is the United States of America. See 28 U.S.C. § 2679(d). Except for limited circumstances, an FTCA claim in federal court is limited to recovery of the sum certain amount requested in the underlying administrative claim. See McMichael v. United States, 856 F.2d 1026, 1035 (8th Cir. 1988).[1]

---

[1] Specifically, 28 U.S.C § 2675(b) provides:

> Action under this section shall not be instituted for any sum in excess of the claim presented to the federal agency, except where the increased
> amount is based on newly discovered evidence not reasonably discoverable at the time of presenting the

4

An action filed pursuant to the FTCA must first be submitted in writing to the appropriate federal agency as an administrative tort claim. See 28 U.S.C. § 2675. . The statute of limitations for submitting an administrative tort claim to the agency is two (2) years. See id. at § 2401(b). A court may not extend the six month time period. See United States v. Kubrick, 444 U.S. 111, 117-18 (1979). The time limitations contained in the FTCA are jurisdictional in nature. Willis v. United States, 879 F. Supp 889, 892 (C.D. Ill. 1994). Thus, a plaintiff's failure to sue within the period of limitations recognized by § 2401 deprives a court of subject matter jurisdiction. Ahmed v. United States, 30 F.3d 514 (4th Cir. 1994).

The deadline for seeking judicial review is six (6) months after the agency's final denial of the administrative tort claim. See Pascale v. United States, 998 F. 2d 186 (3d Cir. 1993). This statute of limitations begins to run from the mailing date of the denial. Tuttle v. United States Postal Service, 585 F. Supp. 55 (M.D. Pa. 1983), aff'd, 735 F. 2d 1351 (3d Cir. 1984).

It is undisputed that Peraza filed and properly exhausted a timely administrative tort claim with the Bureau of Prisons (BOP). See Doc. 28-3. However, the Defendant contends that

---

claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

5

Plaintiff's administrative tort claim did not include any allegations pertaining to his pending claims that: (1) he was forced to fight with his cell mate; (2) a prison staff member called him a child molester; and (3) the alleged assault included a sexual battery. See Doc. 27, p. 4.

Plaintiff does not dispute that his administrative tort claim did not include his claims relating to sexual battery, being called a child molester, and being forced to fight a cell mate. However, Perazza relying on Muhammad v. United States, 884 F. Supp.2d 306 (3d Cir. 2013) argues that those contentions should be deemed exhausted for purposes of the FTCA because they arose from the same incident. Plaintiff has also submitted a copy of an administrative institutional grievance he filed which included his claims of being called a child molester and sexual battery[2] which he indicates afforded the BOP sufficient notice to conduct a proper investigation.

It has been recognized that although an administrative tort claim does not need to include "every possible theory of liability" a plaintiff cannot present one claim to an agency and then initiate suit based on a different set of facts. Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003).

Based upon a review of the Plaintiff's administrative tort claim, it clearly provided the Bureau of Prisons (BOP) with

---

[2] See Doc. 34, pp. 31-32.

6

adequate notice to investigate Plaintiff's claim that he was physically assaulted. Since that same purported physical assault included the conduct which is the basis for Peraza's sexual battery claim, this Court is satisfied that since said allegation derived from the exact same conduct, under the standards announced in <u>Muhammad</u> it has been properly presented to the BOP for consideration, exhausted, and can proceed before this Court.

However, Plaintiff did not set forth any facts in his administrative tort claim regarding his pending claims of being forced to fight with his cell mate and being called a child molester in the presence of other prisoners. Although, <u>pro se</u> litigants are entitled to liberal treatment, it is apparent that those two claims would involve the undertaking of an investigation of a much greater scope and are not encompassed within the exact same factual nucleus of the administrative tort claim filed by Peraza.

The Plaintiff's contentions of being forced to fight with his cell mate and being called a child molester are factually distinctive from the physical assault claims raised in the administrative tort claim. Clearly, they occurred prior to the actual alleged physical altercation with prison staff and would require a more expansive investigation than an inquiry limited to the alleged use of excessive force. As such, those two dissimilar claims were not properly presented to the BOP for investigation and as such are unexhausted and cannot proceed before this Court.

7

See Roma 344 F. 2d at 363 (entry of summary judgment for non-exhaustion is appropriate where the notice is insufficient because the agency was not placed on notice that it had to conduct a much broader investigation). An appropriate Order will enter.

                                                                                       /s/ Richard P. Conaboy
                                                                                       RICHARD P. CONABOY
                                                                                       United States District Judge

DATED: AUGUST 28th, 2014